## THE STATE v. SAMUEL SHADLE.

1. A PENAL STATUTE ENACTED DURING WAR, WHEN NOT TO BE ENFORCED.—The act of May 28, 1864, (Pas. Dig., art. 2400,) being passed during the war of the Confederacy, and which, in order to check the impressment of private property for public use, punished a mere trespass as a felony, was not intended to be enforced after the return of peace and the state of public affairs which caused its passage had ceased.

2. AN ACT MUST EMBRACE BUT ONE OBJECT.—The act of May 28, 1864, entitled "An act to punish unlawful interference with private prop-

erty or private rights," embraced more than one object, and was in violation of the twenty-fourth section of Art. VII of the Constitution of 1845.

APPEAL from Parker. Tried below before the Hon. Charles Soward.

The indictment charged that Samuel Shadle took from the possession of T. C. Moore "one horse, one saddle, and one bridle, &c., being then the property of the said T. C. Moore, without the consent of the said T. C. Moore."

The exceptions to the indictment were sustained. The opinion sufficiently indicates their character.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—Appellee was indicted in the District Court of Parker county, at the October term, 1872, under the act of May, 1864, (Pas. Dig., art. 2400,) and charged with having taken, with force and arms, and without lawful authority, out of the possession of T. C. Moore, a horse, saddle, and bridle, the property of said Moore.

Defendant excepted to the indictment. The court below sustained the exception and quashed the indictment, from which judgment the State has appealed.

We are sufficiently informed, from the history of the time when this law was passed, of the objects in view by those who enacted it. The glaring and numerous abuses growing out of the impressment of property for public use during the late war called this act into existence.

These abuses ceased with the return of peace; and we cannot hold it to have been the intention of the Legislature that a mere act of trespass should, under an entirely different condition of affairs, public and private, be punished as a felony.

The vague and general terms of the law leaves it liable to some of the exceptions raised on behalf of the accused.

It also embraces more than one object, and is repugnant to the provisions of the Constitution on this subject. (Art. VII, sec. 24.)

There was no error in sustaining the exceptions.

The judgment is affirmed.

Affirmed.