## SAM BILLS v. THE STATE.

INOPERATE STATUTE. The act of May 28, 1864, 2400 Paschal's Digest, being passed to meet a condition of things public and private which no longer exist, is inoperative, and as it embraced more than one object, was unconstitutional.*

APPEAL from Lamar. Tried below before the Hon. John C. Easton.

The errors committed in this cause by the county attorney and magistrate are noticed in the Opinion. The appeal to the

---

* This act was passed to protect the citizen's property from arbitrary impressment during the Confederate struggle, and illustrated the determination of the political department of the State to subordinate the military to the civil power, during the darkest period of the war.

District Court was dismissed, and a writ of *procedendo* awarded " to the justice to execute the judgment heretofore " rendered by him." Thereupon the defendant moved for a rehearing and an arrest of judgment, and in the latter motion called the attention of the District Judge to the want of power in the justice of the peace to try the cause, and asked to be discharged, which motions were overruled and defendant appealed.

*Attorney-General,* for the State.

DEVINE, J. The dismissal of a cause for want of jurisdiction would usually require a statement of that fact, and nothing more.

When, however, as in the present case, a citizen has been arrested, tried, convicted, and fined, in direct violation of the plainest requirements, or prohibitions of the Criminal Code, and the statute under which the county attorney and the justice of the peace acted, it is proper and necessary to notice these facts. The record of this case is a chapter of errors and omissions from the commencement to the close.

The county attorney of Lamar county filed an information with a justice of the peace, charging appellant with taking, without lawful authority, about six dollars' worth of hay from B. Shiver, " without his consent, and by force and without " lawful authority."

The Criminal Code declares every offense a felony which is punishable by imprisonment in the penitentiary, either absolutely, or in the alternative. (Paschal's Digest, Article 1658.)

The Act of May 28th, 1864, under which the appellant was prosecuted, punished the offense with fine or imprisonment in the county jail, or confinement in the penitentiary. (See Paschal's Digest, Article 2400.)

The accused was arrested and tried on an information filed against him for an offense known to the Code as a felony, the Code providing proceedings by indictment only, in cases of felony. (Paschal's Digest, Article 2859.)

The cause was tried before the justice of the peace whose jurisdiction was limited to "offenses of a less grade than "felony," and tried by a jury of *six men*, when the law authorizing the justice to try cases expressly declared that all persons prosecuted under the act "shall be entitled to a jury of twelve "men, as prescribed by law in such cases." (See General Laws, 1873, Chap. 64, Sections 2 and 5.)

The record omits any statement of the jury who tried the case being sworn ; there is nothing in the record to show any action by the justice on this question, the transcript states simply : "Came a jury of six men (naming them) who, after hear-"ing the evidence, returned into court the following verdict."

The law under which this charge was made has been declared, during the present term,[*] as inoperative, being passed to meet a condition of things, public and private, which no longer exists, and as being open to the constitutional prohibition of embracing more than one object. (Article 12, Section 17.)

The appellant having failed to enter into a recognizance as required by law, the appeal is dismissed.

Dismissed.

*Note.*—The foregoing opinion was delivered at the Tyler Session of 1874.

---

[*]Shadlee *v.* The State, appeal from Parker.