**CONSOLIDATED EAGLE LAKE INDEPENDENT SCHOOL DIST. et al. v. COLUMBUS INDEPENDENT SCHOOL DIST. et al.**

No. 12074.

Court of Civil Appeals of Texas. Galveston.

March 24, 1949.

Rehearing Denied April 14, 1949.

Harry D. Larson, of Eagle Lake, and Blair, Kendall & Randle and Gaynor Kendall, all of Austin, for appellants.

G. H. Miller and Chas. D. Rutta, both of Columbus, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, Consolidated Eagle Lake Independent School District "on behalf of itself and the former Altair Independent School District", for judgment setting aside an order of the County Board of School Trustees of Colorado County, transferring certain territory from appellant school district to appellee, Columbus Independent School District, pursuant to Article 2742f, Vernon's Ann. Civ.St.

Appellees answered by plea in abatement and exceptions and by general and special denials. By cross-action they sought an order permanently enjoining appellant Consolidated Eagle Lake Independent School District and the Collector of Taxes for that District from assessing or collecting any taxes in behalf of appellant school district.

The material facts in the record are undisputed. It was stipulated by the parties that on May 17, 1947, by election, pursuant to Article 2806, Vernon's Texas Statutes, the Eagle Lake Independent School District, which contained approximately 70,-000 acres of land and had a bonded debt of $97,000.00, was consolidated with Altair Independent School District, which contained approximately 14,000 acres, and had no bonded indebtedness, forming Consolidated Eagle Lake Independent School District, with 84,000 acres of land and $97,000.00 in bonded indebtedness, and that the Commissioners' Court of Colorado County duly canvassed the results of the election and entered its order consolidating the two districts. The order provided that the district so created should thereafter be known as the Consolidated Eagle Lake Independent School District of Colorado County.

On June 6, 1947, after the consolidation of said school districts was completed, John Batla and other resident voters within the district sought to be detached, filed a petition with the Board of County School Trustees of Colorado County for the detachment of 3553.2 acres from the Consolidated Eagle Lake Independent School District pursuant to Article 2742f, Vernon's Ann.Civ.St.

All of the area which was sought to be detached from appellant, Consolidated Eagle Lake Independent School District, is embraced within the territory of the Altair Independent School District as it existed prior to the consolidation of the Altair Independent School District with the Eagle Lake Independent School District.

The Batla petition was granted on June 13, 1947, and the County Board of School Trustees entered an order detaching said 3553.2 acres from Consolidated Eagle Lake Independent School District and annexing it to Columbus Independent School District.

On appeal from this order by Consolidated Eagle Lake Independent School District, the State Superintendent of Public Instruction entered his order affirming and approving the order of consolidation of the County School Trustees of Colorado County. Consolidated Eagle Lake Independent School District appealed from this order to the State Board of Education, and on March 8, 1948, the State Board of Education entered its order affirming and approving the orders of the County Board of Trustees and State Superintendent of Public Instruction.

On April 12, 1948, the State Board of Education overruled Consolidated Eagle Lake Independent School District's motion for rehearing, and on April 29, 1948, Consolidated Eagle Lake Independent School District filed this action.

In a trial before the court judgment was rendered approving and affirming the order of the State Superintendent of Public Instruction and ordering that the lands described in the decree be held subject to taxation only by appellee school district as long as said lands remained a part thereof.

While the territory detached by said order constituted less than 10% of the area of the Consolidated Eagle Lake Independent School District and did not reduce the area of the Consolidated Eagle Lake Independent School District below nine square miles, it constituted more than 10% of the area of the Altair Independent School District as it existed prior to its consolidation with Eagle Lake Independent School District on May 17, 1947.

Article 2806, Vernon's Texas Civil Statutes, as amended, provides that, on a petition of 20 or a majority of the legally qualified voters of each of several contiguous independent school districts or consolidated common school districts constituting as a whole one continuous territory, praying for the consolidation of such districts for school purposes, the county judge shall issue an order for an election to be held on the same day in each such district; that, after said election, the Commissioners' Court shall canvass the returns of such elections, and that, if the votes cast in each district show a majority in each district voting separately in favor of such consolidation, the court shall declare the school districts consolidated. The statute provides that where one or more independent school districts are consolidated, the consolidated district shall constitute an independent school district, and shall have all the rights, powers and privileges granted to independent school districts by the laws of the State.

Article 2815, Vernon's Texas Civil Statutes, provides that such consolidated districts may be dissolved and the districts included therein restored to their original status, but that no election for the dissolution of said consolidated districts shall be held until three (3) years have elapsed after the date of the election at which such districts were consolidated.

Article 2742f provides that the County Board of Trustees in each county in this state shall have the authority to detach from and annex to any school district territory contiguous to the common boundary line of the two districts, provided the Board of Trustees of the district to which the annexation is to be made approves by majority vote the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district, the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached.

Appellants assign error in the action of the trial court in approving and affirming the order of the Commissioners' Court of Colorado County detaching 3553.2 acres of land from Consolidated Eagle Lake Independent School District for the alleged reason that it detached more than ten per cent of the area of the Altair Independent School District without the consent or approval of the Board of Trustees for that district in violation of the express limitations of said Article 2742f, Vernon's Ann. Civ.St., upon the powers granted therein to County Boards of School Trustees.

These contentions cannot, we think, be sustained. It is, we think, obvious from this record that, at the time said order of detachment was entered, the Altair Independent School District was not in existence as a school district. Pursuant to the consolidation election and the order of the Commissioners' Court of Colorado County, it had been consolidated with and become a part of Eagle Lake Independent School District and had no Board of School Trustees. The order of the County Board of School Trustees of Colorado County refers to the district only as the Consolidated Eagle Lake Independent School District, and as containing 84,000 acres of land, and does not refer to its former component parts.

They contend that, the consolidation of the Eagle Lake Independent School District with Altair Independent School District did not result in the abolition of the original districts or destroy their legal existence or identity, but that the consolidation simply combined the two districts for school purposes for a determinable period, subject to the statutory privileges in the districts to dissolve the relationship after three years, and that each district should thereupon revert to its original status.

The case of Ovalo Rural High School District v. County Board of School Trustees of Taylor County, Tex.Civ.App., 95 S.W.2d 472, 474, in which the material facts were similar in many respects to the facts in the instant case, involved the proper construction of said Article 2742f. In that case the Court, in approving the detachment and transfer of certain territory from Ovalo Rural High School District to Bradshaw Independent School District, said:

"We think the purpose of the statute was to permit from time to time the detachment of small areas without the consent of the trustees, and if so that purpose would be best subserved, we think, by calculating the 10 per cent. upon the area of the district at the time the detachment is purposed to be made."

While a consolidation was not involved in the Ovalo case, the original district in that case had been changed by annexations and detachment, and it was, in effect, held in that appeal that there was no reason why a different rule should apply where the boundaries of a district had been changed by consolidation.

The recent case of Sabinal Independent School District v. County Board of Trustees of Uvalde County, Tex.Civ.App., 211 S.W.2d 331, 334, involved the authority of the County Board of School Trustees to detach territory from one school district and attach it to another district under said Article 2742f, Vernon's Ann.Civ.St. In that case the court, in holding that the term "any school district" was broad enough to cover a Rural High School District and a consolidated school district, said: "We are of the opinion that Article 2742f applies to rural high school districts unless they are expressly exempted from the operation thereof".

It follows, we think, that the consolidation of the Altair Independent School District with the Eagle Lake Independent School District destroyed the legal identity of the two districts for school purposes and created the Consolidated Eagle Lake Independent School District within the purview of said Article 2742f, Vernon's Ann.Civ.St. and, all proceedings in connection therewith being regular, the judgment of the trial court must be in all things affirmed.