

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 30, 1951

Hon. L. E. King
County Attorney
Sabine County
Hemphill, Texas

Opinion No. V-1362

Re: Rendition of a gas plant
for school taxes where
the Legislature directed
rendition to the county
tax assessor-collector
for division between two
school districts but the
districts have since been
changed by consolidations.

Dear Sir:

We refer to your request for an opinion
of this office concerning the rendition of a gas
plant for school taxes where the Legislature in
1925 directed rendition to the county tax assessor-
collector for division of taxes between two school
districts but the boundaries of the districts have
since been changed by annexation. You state in
your letter in substance the following facts:

In March, 1925, the Legislature by
amendatory special law (H.B. 676, Spec.
Laws 39th Leg., R.S. 1925, ch. 222, p.
658) recreated and redefined Pineland
Independent School District No. 3 of
Sabine County to include a portion of
Common School District No. 31. Under
the boundary description in Section 1
of that bill, one of the lines of the
Pineland District ran directly through
the middle of Magnolia Gas Plant prop-
erty which is now owned by United Gas
Pipeline Company.

Section 2b of House Bill 676, supra,
reads as follows:

"Be it further provided, that the
Magnolia Gas Plant property, which is
located by this bill one-half in Pine-
land Independent School District No. 3
and one-half in the Common School District

No. 31, be rendered to the county tax assessor annually and he in making the assessment to school districts shall divide equally to both above named schools the amount of taxes to be paid by said Magnolia Gas Plant and each of said districts shall receive to their credit one-half of the amount of the entire valuation of the said Magnolia Gas Company plant."

About three years ago, Bronson Independent School District No. 2 and Common School District No. 31 were consolidated in accordance with Article 2806, V.C.S. As a result, the consolidated Bronson district was paid one-half the taxes realized on such gas plant, and Pineland district the other half.

Shortly thereafter, on September 10, 1948, acting under and in accordance with Section 2 of Article 2742e and Section 1 of Article 2742f, V.C.S., the Sabine County School Board detached from the Bronson district a portion of its area (including that half of the gas plant which was formerly within the bounds of Common School District No. 31) and annexed it to the Pineland district. This placed the entire property of the gas plant within the boundaries of one school district, the Pineland Independent School District No. 3, as enlarged by annexation.

It is the view of the present owners of such gas plant that they should continue to render the entire plant to the county tax assessor-collector for school tax purposes. It is your opinion that the owners should now render all of the plant to the tax assessor of the Pineland Independent School District for school tax purposes.

The question which now presents itself and on which you desire our opinion is this:

"Is the United Gas Pipeline Company
now required to render the entire proper-
ties of said Magnolia Gas Plant to the
tax assessor of Pineland Independent
School District No. 3?"

Prior to the amendment of Section 3 of
Article VII of our Constitution in 1926, that sec-
tion authorized the Legislature to "provide for the
formation of school districts by general or special
law." The Pineland Independent School District No.
3 of Sabine County was created and enlarged by spe-
cial acts of the Legislature prior to 1926. H.B.
796, Spec. Laws 35th Leg., R.S. 1917, ch. 132, p.
523; H.B. 676, Spec. Laws 39th Leg., R.S. 1925, ch.
222, p. 658.

Section 3 of Article VII, supra, as amend-
ed, specifically authorizes the Legislature to "pro-
vide for the formation of school districts by general
laws" and, further, "to pass laws for the assessment
and collection of taxes in all said districts."
Therefore, except where some right having its founda-
tion in the Constitution will be impaired by the
change, the Legislature, by virtue of the above con-
stitutional provision, has authority to change by
general law the territorial boundaries of any school
district and to provide the mode and agencies by which
such change shall be effected. Prosper Independent
School District v. County School Trustees, 58 S.W.2d
5 (Tex. Comm. App. 1933); City of Beaumont Ind. School
District v. Broadus, 182 S.W.2d 406 (Tex. Civ. App.
1944, error ref.); Eagle Lake Independent School Dis-
trict v. Columbus Independent School District, 219
S.W.2d 741 (Tex. Civ. App. 1949, error ref.).

Articles 2806, 2742e, and 2742f, V.C.S.,
are general laws providing the mode and agencies for
changing the boundaries of school districts, such as
the Pineland and Bronson Independent Districts and
the Common School District herein involved. Your sub-
mitted facts state that the changes in the boundaries
of the Pineland District and the Common School Dis-
trict No. 31 were effected in accordance with those
general laws. We assume, for purposes herein, that
the boundaries of the Pineland District as so changed
are valid. See H.B. 86, Acts 52nd Leg., R.S. 1951,
ch. 74, p. 119.

In 1924, when by House Bill 676, supra, the boundaries of the Pineland District were fixed to divide the properties of the then Magnolia Gas Plant, the Legislature saw need to facilitate the assessment and collection of school taxes as to that plant, since portions of its properties were located in two school districts. Accordingly, the Legislature provided for the alleviation of that problem in the enactment of Section 2b of that bill. But the circumstance which then activated the Legislature to provide as to rendition of the plant and distribution of school taxes thereon does not now exist. The boundaries of the Pineland District have been changed so as to include within the confines of that one district the entire properties of the gas plant. It is our opinion that Section 2b of House Bill 676, supra, is no longer operative by virtue of the eradication of the boundary line which occasioned its passage and by the lawful inclusion in the Pineland District of all of the property of the gas plant in question. It has been said that a statute becomes inoperative for all practical purposes when conditions have so changed that its object has vanished and its reason has ceased. See Interstate Forwarding Co. v. Vineyard, 3 S.W.2d 947, 957 (Tex. Civ. App. 1928), reversed on other points, 121 Tex. 289, 49 S.W.2d 403 (1932); Bills v. State, 42 Tex. 305 (1875); Chastleton Corporation v. Sinclair, 264 U.S. 543, 547 (1924).

Section 3 of House Bill 796, supra, creating the Pineland District, invokes for the District the general laws governing taxation by independent school districts and providing the modes and agencies for tax assessment and collection within such districts. You advise that the Pineland District, in accordance with Article 2791, V.C.S., has its own appointed tax assessor-collector and that with respect to all other taxable properties in that district, renditions are made to, and school taxes are collected by, the special tax assessor-collector of the district.

Article 2791, supra, provides also for the appointment of a board of equalization by the board of trustees of the independent school district. It provides further that the district shall have the same power with reference to the assessment and collection of taxes for free school purposes that are

conferred by law upon the assessor and collector of taxes in and for any incorporated city, town, or village. Thus we are referred to Articles 1043 and 1044, which require renditions to the tax assessor-collector for the taxing unit; to Article 1060a, which makes available all the provisions of Title 122, R.C.S. 1925, insofar as necessary to all school districts; and to Article 7211, which also provides for renditions to the tax assessor-collector for the taxing unit. See Republic Ins. Co. v. Highland Park Ind. School Dist., 129 Tex. 55, 102 S.W.2d 184 (1937); Att'y Gen. Op. V-1322 (1951).

Since under the facts submitted Section 2b of House Bill 676 does not, in our opinion, have any present application to the gas plant in question, we agree that the gas plant properties are now subject to the same general laws governing other taxable properties in the Pineland Independent School District in the matter of assessment and collection of its school taxes. These general laws above referred to would require the United Gas Pipeline Company to render for school tax purposes its taxable properties located entirely within that district to the tax assessor-collector appointed for the Pineland Independent School District No. 3.

## SUMMARY

The United Gas Pipeline Company property located within the confines of one school district, Pineland Independent School District No. 3, should be rendered for school tax purposes to the special tax assessor-collector appointed for that district. Section 2b of House Bill 676, Spec. Laws 39th Leg., R.S. 1925, ch. 222, p. 658, requiring that property be rendered to the county tax assessor-collector is no longer operative under the submitted circumstances.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO;mh