**STATE BOARD OF INSURANCE, et al., Appellants,**

v.

**NATIONAL EMPLOYEE BENEFIT ADMINISTRATORS, INC., et al., Appellees.**

No. 3–88–195–CV.

Court of Appeals of Texas, Austin.

March 21, 1990.

Jim Mattox, Atty. Gen., Edna Ramon Butts, Asst. Atty. Gen., Austin, for appellants.

Robert F. Henderson, David J. Bush, Hughes & Luce, Austin, for appellees.

Before POWERS, CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This appeal arises from a declaratory judgment action brought by appellees, in which the district court ruled that 1987 Tex.Gen.Laws, 2d C.S., ch. 76, at 238 (H.B. 170), is unconstitutional. Appellees asserted that the bill by which the law was enacted contained two subjects and, therefore, violated Article III, § 35(a) of the Texas Constitution. The trial court rendered summary judgment for appellees. We will affirm the judgment of the trial court.

House Bill 170 was entitled "[a]n act relating to the regulation of third party administrators and certain nonprofit subscription programs; making appropriations." In Section 1, the legislature established a scheme to regulate third-party administrators of any group insurance plan, insurance carrier, or a person that self-insures. The stated purpose of Section 1 was to "recognize and provide reasonable public supervision and licensing of persons who provide administrative services ... in connection with insurance or alternatives to

insurance, who, in a fiduciary capacity or otherwise, manage or handle funds, money, premiums, fees, or other forms of consideration in connection with insurance or alternatives to insurance." The remainder of Section 1, Section 2, and Section 3 established a comprehensive regulatory and licensing scheme dealing with third-party administrators. In doing so, the Act amended Chapter 21 of the Insurance Code. Section 4 of H.B. 170 amended the Emergency Medical Services Act, Tex.Rev.Civ.Stat. Ann. art. 4477o (1976), to provide that a city, county, or hospital district, or any group of these entities, "may create and operate a nonprofit subscription program to fund an emergency medical service for providing emergency medical services vehicle services" in the jurisdiction. The section exempted such programs from the Insurance Code. The Act, with the exception of Section 4, took effect on September 1, 1987; Section 4 took effect upon the bill's passage.

■■■ A law duly enacted is presumed to be valid, and all doubts should be resolved in favor of its constitutionality. *Brown v. City of Galveston,* 97 Tex. 1, 75 S.W. 488 (1903). Any analysis begins with this presumption of validity. *Robinson v. Hill,* 507 S.W.2d 521 (Tex.1974); *Mercer v. Phillips Nat. Gas,* 746 S.W.2d 933, 937 (Tex.App.1988, writ denied). When a statute is challenged as being unconstitutional, we are to presume that the statute is constitutional. *Walker v. Employees Retirement System,* 753 S.W.2d 796, 797 (Tex. App.1988, writ denied); *Massachusetts Indem. & Life Ins. Co. v. State Bd. of Ins.,* 685 S.W.2d 104, 114 (Tex.App.1985, no writ); *City of Humble v. Metropolitan Transit Auth.,* 636 S.W.2d 484, 488 (Tex. App.1982, writ ref'd n.r.e.), cert. denied, 464 U.S. 802, 104 S.Ct. 47, 78 L.Ed.2d 68 (1983). Every reasonable intendment and presumption will be made in favor of the act's constitutionality. *Massachusetts Indem.,* 685 S.W.2d at 109.

■■■ With respect to the enactment of legislation, Article III, § 35 of the Texas Constitution provides:

(a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

(b) The rules of procedure of each house shall require that the subject of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. The legislature is solely responsible for determining compliance with the rule.

Every Texas constitution since 1845 has contained the "one-subject rule." One purpose of the rule is to prevent the legislative practice known as "logrolling." *LeCroy v. Hanlon,* 713 S.W.2d 335, 337 (Tex.1986); *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex. 1974). "Logrolling" refers to "the inclusion in a bill of several subjects having no connection with each other in order to create a combination of various interests in support of the whole bill." *LeCroy,* 713 S.W.2d at 337. The Texas Supreme Court has held that a bill does not violate the rule as long as its provisions relate directly or indirectly to the same general subject and have a mutual connection. *LeCroy,* 713 S.W.2d at 337; *Robinson,* 507 S.W.2d at 525; *C. Hayman Const. Co. v. American Indem. Co.,* 471 S.W.2d 564, 566 (Tex. 1971). Courts are to give a liberal interpretation in favor of constitutionality to legislation challenged as violating the one-subject rule. *Jessen Assoc., Inc. v. Bullock,* 531 S.W.2d 593, 600 (Tex.1975).

■■■ Appellees argue that the bill contains two unrelated subjects. The first subject, they assert, is the regulation, supervision, and licensing of third-party administrators by the State Board of Insurance. The purported second subject is the creation and operation by cities, counties, or hospital districts, or a combination thereof, of nonprofit subscription programs to fund emergency medical services (EMS) vehicle services. Appellees assert that these are two separate subjects; therefore, the bill violates the one-subject rule.[1] The trial court so ruled, and we agree.

---

1. The parties argue extensively about the Act's legislative history. Summarized briefly, Section

Appellants note that courts have held that a statute violates the one-subject rule only three times,[2] and they also review a number of cases where courts have held that a challenged statute did not violate the rule. Appellants argue that the one subject of this bill is the regulation and exclusion from regulation of third-party administrators who engage in insurance activities. They argue that under Article 1.14–1 of the Insurance Code, attempts to fund an EMS program would constitute an act of insurance. Any effort to fund such a program, they assert, would come within the strictures of Sections 1–3 of the Act. Thus, in order to permit such EMS funding programs, it was necessary that they be specifically exempted from the general scope of the Act. Appellants argue that the entire bill relates to the one general subject of regulation of persons and entities who perform the functions of an insurer. We have strained to agree with this assertion, but cannot reasonably do so.

Unfortunately, none of the cases dealing with the issue give us any guidance as to the analysis we should employ in order to determine what constitutes a discrete "subject" under the constitutional provision. Taken broadly, it might be said that all enactments relate to the same general subject of changing the status quo. Taken narrowly, no enactment can comply, because almost all legislation includes multiple provisions that address different problems. Before its 1986 amendment, Article III, § 35 also forbade the enactment of a bill whose subject was not sufficiently expressed in its title. Most challenges to enactment of legislation came under this part of the constitutional provision, and courts proved themselves adept at defining decisional criteria. *See e.g., State v. Spartan's Indus., Inc.,* 447 S.W.2d 407 (Tex. 1969); *Schlichting v. State Bd. of Medical Examiners,* 158 Tex. 279, 310 S.W.2d 557 (1958); *Crisp v. State,* 643 S.W.2d 487 (Tex.App.1982), aff'd, 661 S.W.2d 944 (Tex. Cr.App.1983). Thus, courts could resolve challenges under the title provision, avoiding the necessity of dealing with the one-subject rule.

Whatever analysis may be appropriate, we think it fairly evident in this instance that the bill in question contained two separate and distinct subjects. We note that the bill's title indicates that it regulates, and distinguishes between, "third party administrators" and "certain non-profit subscription programs." Section 4 and the other sections do not refer to each other, and they amend different statutes. As indicated in the record, the State Board of Insurance has promulgated a number of administrative rules under Sections 1–3, *see* 28 Tex.Admin.Code §§ 7.1601–7.1622 (West Supp.1989), while no rules have been promulgated pursuant to Section 4. If, indeed, the provisions of Section 4 were necessary to prevent the bill's provisions relating to third-party administrators from applying to EMS programs, a definition in Section 1 could simply have exempted such programs from its scope. If the Insurance Code prohibited these types of EMS funding mechanisms, then the problem existed notwithstanding any difficulty encountered with third-party administrators.

█ Mindful of the rule that a bill does not violate the one-subject rule simply because it contains several provisions, *LeCroy,* 713 S.W.2d at 337, we nevertheless cannot detect even an indirect common gen-

---

4 was originally introduced as a separate bill (S.B. 75). House Bill 170 as originally filed did not contain the EMS funding provisions. The two bills were referred to separate committees. Late in the session, the sponsor of S.B. 75 offered the text of S.B. 75 (which had apparently stalled in committee) as a Senate floor amendment to H.B. 170. The Senate passed this amendment and the House concurred in the amendment. The parties attempt to draw conclusions from this history. However, we are concerned only with whether the bill as passed contains two subjects. The history of H.B. 170

is inconclusive; many valid bills are passed that are the combination of other bills. This fact does not necessarily indicate that a bill has two subjects. *See LeCroy,* 713 S.W.2d at 337.

2. Only three statutes have been held unconstitutional on this basis. There are four reported cases. *Ex parte Wynn,* 159 Tex.Crim. 665, 259 S.W.2d 191 (App.1953); *Redding v. State,* 109 Tex.Crim. 551, 6 S.W.2d 360 (App.1928); *Bills v. State,* 42 Tex. 305 (1875); *State v. Shadle,* 41 Tex. 404 (1874).

eral subject or mutual connection between the bill's two questioned provisions. Thus, we hold that House Bill 170 as enacted into law contains more than one subject and is therefore unconstitutional.

The judgment of the trial court is affirmed.