TEXAS ALCOHOLIC BEVERAGE
COMMISSION, Appellant,

v.

SILVER CITY CLUB, A Private
Membership Club, Appellee.

No. 05–09–00422–CV.

Court of Appeals of Texas,
Dallas.

June 10, 2010.

Rehearing Overruled July 28, 2010.

644

James C. Ho, Solicitor General, Beth Klusmann, Assistant Solicitor General, Office of the Attorney General, Austin, TX, for Appellant.

Roger Albright, Law Offices of Roger Albright, Dallas, TX, J. Michael Murray, Berkman, Gordon, Murray & DeVan, Raymond V. Vasvari, Cleveland, OH, for Appellee.

Before Justices RICHTER, LANG–MIERS, and MYERS.

## OPINION

Opinion By Justice MYERS.

The Texas Alcoholic Beverage Commission appeals the trial court's judgment declaring section 32.03(k) of the Texas Alcoholic Beverage Code void for violating article III, section 35(a) of the Texas Constitution and reversing the Commission's order refusing to renew Silver City Club's permit to serve alcohol. The Commission brings one issue asserting the trial court erred in determining section 32.03(k)'s enactment violated the "single subject rule" of article III, section 35(a). We conclude section 32.03(k) does not violate the single-subject rule, we reverse the trial court's judgment, and we render judgment affirming the decision of the Commission.

## BACKGROUND

Silver City Club is a private club operating a sexually oriented business providing erotic dance performances. *See Illusions–Dallas Private Club, Inc. v. Steen*, No. 3:04–CV–0201–B, 2007 WL 4380132, at \*1 (N.D.Tex. Dec. 13, 2007); *see also Illusions–Dallas Private Club, Inc. v. Steen*, 482 F.3d 299, 303 (5th Cir.2007) (describing Silver City Club as an "adult cabaret[ ]" featuring "sexually oriented dancing").[1] Although the Club is located in an area that is "dry" for all alcoholic beverages, the Club served alcohol under a private club registration permit. ALCO. BEV. CODE ANN. §§ 32.01–.24 (Vernon 2007) (private club registration permits); *id.* § 251.71(a) (defining "dry area"). In 2003, the Texas Legislature amended section 32.03 of the alcoholic beverage code by adding paragraph (k), which prohibited the Commission from issuing or renewing a private club registration permit for a club in a dry area that operates a sexually oriented business. *Id.* § 32.03(k); Act of Oct. 12, 2003, 78th Leg., 3d C.S., ch. 3, § 21.04, 2003 Tex. Gen. Laws 78, 104–05 (House Bill 7). Silver City and other clubs brought suit in federal court asserting section 32.03(k) violated the United States

---

1. The record contains a "Location Inspection Form" dated April 20, 2000, about two months before the Club opened, stating part of the Club's premises would be a topless bar. In its brief on appeal the Club described itself as an adult cabaret.

Constitution. The Commission reached an agreement with the clubs to continue to renew their permits while they litigated the provision's validity. On May 15, 2008, the United States District Court for the Northern District of Texas rejected the clubs' federal constitutional claims and concluded the Commission proved "overwhelmingly" that the statute was narrowly tailored and furthered a substantial governmental interest. *See Illusions–Dallas Private Club, Inc. v. Steen,* No. 3:04–CV–0201–B, 2008 WL 2490457, at *1 (N.D.Tex. June 20, 2008) (mem. op.). On February 6, 2009, when the Club's private club registration permit came up for renewal, the Commission refused the Club's renewal application because the Club was operating in violation of section 32.03(k). The Club then filed suit in state district court under sections 11.67 and 32.18 of the alcoholic beverage code to appeal the Commission's order refusing to renew its club permit. *See* TEX. ALCO. BEV.CODE ANN. §§ 11.67, 32.18 (Vernon 2007). The trial court concluded the enactment of section 32.03(k) violated article III, section 35 of the Texas Constitution and was void. The trial court reversed the Commission's order refusing the Club's permit renewal application and remanded this matter to the Commission for further proceedings.[2] The Commission now appeals the trial court's judgment.

### SINGLE–SUBJECT RULE

▮ In its sole issue, the Commission asserts the trial court erred in determining section 32.03(k) was enacted in violation of the Texas Constitution's single-subject rule. We review a trial court's determination of questions of law de novo. *Harris*

County Hosp. Dist. v. Tomball Reg'l Hosp., 283 S.W.3d 838, 842 (Tex.2009).

▮ Article III, section 35(a) of the constitution provides, "No bill, (except general appropriations bills ...) shall contain more than one subject." TEX. CONST. art. III, § 35(a). The bill's subject must be expressed in the title in a manner that gives reasonable notice of the subject. *Id.* art. III, § 35(b). However, a law may not be held void on the basis of an insufficient title. *Id.* art. III, § 35(c). A law that contains more than one subject matter is void as to the subject not expressed in the title. *Id.* art. III, § 35 interp. commentary (Vernon 2007). One purpose of the single-subject requirement is "to prevent logrolling legislation, i.e., to prevent the writing of several subjects having no connection with each other in one bill for the purpose of combining various interests in support of the whole." *Id.; see also LeCroy v. Hanlon,* 713 S.W.2d 335, 337 (Tex. 1986).

▮ When reviewing the constitutionality of a statute, we presume the act is constitutional. *Walker v. Gutierrez,* 111 S.W.3d 56, 66 (Tex.2003); *see* TEX. GOV'T CODE ANN. §§ 311.021(1) (Vernon 2005) (presumption that legislature, in enacting a statute, intended to comply with Texas and federal constitutions). We liberally construe both the constitutional provision and the statute in favor of the statute's constitutionality. *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex.1974). "The statute will not be held unconstitutional where its provisions relate, directly or indirectly, to the same general subject, have a mutual connection, and are not foreign to the subject

**2.** After the trial court declared section 32.03(k) void under the Texas Constitution's single-subject rule, the Fifth Circuit vacated the federal district court's judgment without regard to the merits and remanded "so the district court can consider the precise impact of the Texas state court's judgment on this case and the appropriate course of future action, such as a stay or a dismissal as moot or unripe." *Illusions–Dallas Private Club, Inc. v. Steen,* 320 Fed.Appx. 274, 276 (5th Cir.2009).

expressed in the title." *Id.* at 524–25. The party challenging a statute's constitutionality has the burden of proving the statute fails to meet constitutional requirements. *Walker,* 111 S.W.3d at 66.

The title of House Bill 7 was, "AN ACT relating to the reorganization of, efficiency in, and other reform measures applying to governmental entities and certain regulatory practices; providing a penalty." Act of Oct. 12, 2003, 78th Leg., 3d C.S., ch. 3, § 21.04, 2003 Tex. Gen. Laws 78. The amendment to section 32.03(k) was included in article 21 of the bill, which was titled, "Alcoholic Beverage Regulation." *Id.* at 104. The provision at issue was in section 21.04, which stated,

> (a) Section 32.03, Alcoholic Beverage Code, is amended by adding Subsection (k) to read as follows:
>
> *(k) A private club registration permit may not be issued to or maintained by a club for a premises located in a dry area if the club operates a sexually oriented business, as defined by Section 243.002, Local Government Code, on the premises.*
>
> (b) Section 32.03(k), Alcoholic Beverage Code, as added by this section, applies to a permit issued or renewed on or after the effective date of this section. A permit issued or renewed before the effective date of this section is governed by the law in effect immediately before that date only until the first renewal date for the permit that occurs on or after the effective date of this section, and that law is continued in effect for that purpose.

*Id.* at 104–05.

The Club presented two arguments for why House Bill 7's amendment of section 32.03 violated the single-subject rule: (1) the bill covers a broad range of subjects, and not a single subject matter; and (2) the amendment to section 32.03 does not fall within the subject matter of House Bill 7's title.

The Club points out that House Bill 7 contains thirty-three substantive articles affecting approximately forty chapters of twelve or more codes. The supreme court has held that a law may cover numerous areas while still complying with the single-subject requirement. In *LeCroy v. Hanlon,* the supreme court held that the Omnibus Fee Bill, a law containing eighty-nine substantive sections covering widely varying areas of law, did not violate the single-subject rule because the provisions all related directly or indirectly to the same general subject, the imposition and collection of fees. *LeCroy,* 713 S.W.2d at 337; *see also* Act of May 26, 1985, 69th Leg., R.S., ch. 239, Tex. Gen. Laws 1181.

Article 21 is the only portion of House Bill 7 that concerns alcoholic-beverage regulation or sexually oriented businesses. To show the bill includes more than one subject, the Club cites to thirteen other provisions in the bill as well as to article 21's amendment of section 32.03. These provisions included such diverse areas of law as: presumptions that unclaimed wages are abandoned under certain defined circumstances under the unclaimed-property statutes (article 2); the required content of regional solid waste management plans (article 7); the training requirements for the Commissioner of Insurance (article 10); the membership of the State Board of Pardons and Paroles (article 11); extensions of eligibility for state employee benefit participation (article 16); permission for members of the Legislative Budget Board to attend board meetings telephonically (article 4); redefining of the roles of the governor and state auditor with respect to the oversight of the regional planning commissions (article 9); authorization for the City of Austin to sell small tracts of certain parks and recre-

ational land to private adjacent land owners without the property reverting to the State (article 13); tax exemptions for nonprofit corporations providing land to state healthcare schools (article 20); provisions for the Department of Public Safety not to lose funding for employees retiring with lump-sum incentive payments (article 22); permission for the Department of Agriculture to enter into agreements with the Texas Beef Council to share the costs of campaigns promoting Texas agricultural products (article 25); permission for every independent school district's board of trustees to require the trustees to file financial statements (article 30); and postponement of the creation of two judicial districts from January 15, 2004 to September 15, 2005 (article 32). Liberally construing these diverse provisions, we conclude they are all related, at least indirectly, under the common subject of government reform as required by House Bill 7's title. Accordingly, the fact that House Bill 7 covers many different codes and areas of law does not violate article III, section 35's requirement that the bill contain no more than one subject.

The Club also argued that section 21.04 of House Bill 7 did not concern the subject expressed in the title, "the reorganization of, efficiency in, and other reform measures applying to governmental entities and certain regulatory practices." The Commission asserts the provision's amendment to section 32.03 of the alcoholic beverage code falls within the title because it is a reform measure increasing the Commission's efficiency through its regulatory practices.

The secondary effects of businesses selling alcohol and of sexually oriented businesses are both well known. The sale of alcohol may result in increased social ills and criminal behavior in the area, including increased crime, drinking on premises, litter, loitering, public intoxication, urinating in public, and harassment of children and elderly residents. *See City of Dallas v. Dallas Merch.'s & Concessionaire's Ass'n*, 823 S.W.2d 347, 350 (Tex.App.-Dallas 1991), *rev'd on other grounds*, 852 S.W.2d 489, 495 (Tex.1993). Municipalities and precincts seeking to avoid or rid themselves of these social and criminal ills have the right through public election to prohibit the sale of alcohol. *See* TEX. ALCO. BEV. CODE ANN. §§ 109.31, 251.72 (Vernon 2007). However, even in areas where the residents have voted to prohibit sales of alcohol, the law permits private clubs to serve alcohol to their members. *See id.* § 32.01.

Before the addition of paragraph (k) to section 32.03, the Commission could not refuse to renew a club's permit unless it had reasonable grounds to believe and found certain conditions existed, including:

(8) the place or manner in which the applicant may conduct his business warrants the refusal of a permit based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency; ... or

(15) during the six months immediately preceding the filing of the application the premises for which the permit is sought have been operated, used, or frequented for a purpose or in a manner that is lewd, immoral, or offensive to public decency.

TEX. ALCO. BEV.CODE ANN. § 11.46(a)(8), (15) (Vernon 2007). Such a determination, however, required an individualized investigation into the activities at the club. Section 32.03(k) reformed the way the Commission performs its regulatory functions in dry areas. No longer will it have to send investigators to dry areas to determine whether a private club operating a sexually oriented business is operating in a lewd, immoral, other manner offensive to public decency or whether the establish-

ment is a threat to the general welfare, health, peace, morals, and safety of the people and to the public sense of decency. *See id.* Instead, the Commission will simply deny the permit or renewal without the time and expense of an investigation into the club's activities and its effects on the public.

The supreme court requires that we liberally construe both article III, section 35 and alcoholic beverage code section 32.03(k) in favor of the statute's passing constitutional muster. *See Robinson*, 507 S.W.2d at 524. Applying the required liberal construction to both the constitutional and statutory provisions, we conclude section 32.03(k) concerns the subject expressed in the title of House Bill 7, "the reorganization of, efficiency in, and other reform measures applying to governmental entities and certain regulatory practices." We conclude the trial court erred in concluding section 32.03(k) violated the single-subject rule of article III, section 35 of the Texas Constitution. We sustain the Commission's issue.

We reverse the trial court's judgment and render judgment that the Commission's order refusing the Club's renewal permit application is affirmed.