**Affirmed and Opinion filed June 11, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00877-CR

---

## EX PARTE RICHARD DEWAYNE JONES

---

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 11-CR-3416**

---

## O P I N I O N

Appellant is charged with evading arrest–use of vehicle, a third-degree felony. *See* Tex. Penal Code Ann. § 38.04 (West Supp. 2012). In a pre-trial application for writ of habeas corpus, appellant argued he is illegally restrained because the legislative bill which amended punishment for his offense violated the "single-subject rule" of the Texas Constitution. *See* Tex. Const. art. III, § 35. Specifically, appellant contends that, because the subject of Senate Bill 1416 ("SB 1416") was tire deflation devices, the inclusion of an additional subject in the bill—amending punishment for evading arrest–use of vehicle—violated the single-

subject rule. The trial court denied appellant's application, and appellant filed this accelerated appeal. *See* Tex. R. App. P. 31.2. We affirm.

## PRE-TRIAL APPLICATION FOR WRIT OF HABEAS CORPUS

### A. Standard of Review

We review for abuse of discretion a trial court's decision to grant or deny an application for writ of habeas corpus. *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The trial court has no discretion to analyze the law incorrectly; thus, when the trial court's ruling turns on the constitutionality of a statute, we review the ruling *de novo*. *See Rivera v. State*, 363 S.W.3d 660, 666 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (reviewing *de novo* trial court's ruling on pretrial application for writ of habeas corpus in which accused asserted ordinance was unconstitutional). When the constitutionality of a statute is challenged, we presume the statute is valid. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Id.*

### B. Single-Subject Rule

The Texas Constitution contains the following single-subject rule:

(a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

(b) The rules of procedure of each house shall require that the subject of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. The legislature is solely responsible for determining compliance with the rule.

(c) A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.

Texas Const. art. III, § 35.

2

The purpose of the single-subject rule is to prevent log-rolling—the inclusion in a bill of several subjects having no connection with each other in order to create a combination of various interests in support of the whole bill. *LeCroy v. Hanlon*, 713 S.W.2d 335, 337 (Tex. 1986). A bill satisfies the rule, even if it contains numerous provisions, however diverse, as long as the provisions relate, directly or indirectly, to the same general subject, have a mutual connection, and are not foreign to the subject expressed in the title. *Robinson v. Hill*, 507 S.W.2d 521, 524–25 (Tex. 1974).

## C. Analysis

Appellant correctly notes that, as originally introduced, SB 1416 did not contain any revisions to the evading arrest statute:

A BILL TO BE ENTITLED
AN ACT
relating to the creation of the offense of possession, manufacture, transportation, repair, or sale of a tire deflation device; providing criminal penalties.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Section 46.01, Penal Code, is amended by adding Subdivision (17) to read as follows:

(17) "Tire deflation device" means a device, including a caltrop or spike strip, that, when driven over, impedes or stops the movement of a wheeled vehicle by puncturing one or more of the vehicle's tires.

SECTION 2. Section 46.05, Penal Code, is amended by amending Subsection (a) and adding Subsection (b-1) to read as follows:

(a) A person commits an offense if the person [he] intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

(1) an explosive weapon;
(2) a machine gun;
(3) a short-barrel firearm;

3

(4)  a firearm silencer;
(5)  a switchblade knife;
(6)  knuckles;
(7)  armor-piercing ammunition;
(8)  a chemical dispensing device; [or]
(9)  a zip gun; or
(10)  a tire deflation device.
(b-1)  It is a defense to prosecution under this section that the actor's conduct was incidental to dealing with a tire deflation device solely for the purpose of making the device available to an organization, agency, or institution listed in Subsection (b).
SECTION 3.  This Act takes effect September 1, 2011.

SB 1416 (introduced version), http://www.capitol.state.tx.us/tlodocs/82R/billtext/html/SB01416I.htm (last visited June 2013).[1]  Nothing in the title or text of the introduced version of SB 1416 refers to evading arrest, use of a vehicle, or Penal Code section 38.04.

However, SB 1416 was amended and ultimately approved and signed into law as follows:

AN ACT
relating to the creation of the offense of possession, manufacture, transportation, repair, or sale of a tire deflation device and to the offense of attempting to evade arrest through the use of a vehicle or a tire deflation device; providing criminal penalties.
BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
SECTION 1.  Section 46.01, Penal Code, is amended by adding Subdivision (17) to read as follows:
(17)  "Tire deflation device" means a device, including a caltrop or spike strip, that, when driven over, impedes or stops the movement of a wheeled vehicle by puncturing one or more of the vehicle's tires.  The term does not include a traffic control device that:
(A)  is designed to puncture one or more of a

---

[1] Proposed text is underlined, and proposed deletions are struck through and surrounded by brackets.

vehicle's tires when driven over in a specific direction; and

(B) has a clearly visible sign posted in close proximity to the traffic control device that prohibits entry or warns motor vehicle operators of the traffic control device.

SECTION 2. Subsections (a), (d), and (e), Section 46.05, Penal Code, are amended to read as follows:

(a) A person commits an offense if the person [he] intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

(1) an explosive weapon;

(2) a machine gun;

(3) a short-barrel firearm;

(4) a firearm silencer;

(5) a switchblade knife;

(6) knuckles;

(7) armor-piercing ammunition;

(8) a chemical dispensing device; [or]

(9) a zip gun; or

(10) a tire deflation device.

(d) It is an affirmative defense to prosecution under this section that the actor's conduct:

(1) was incidental to dealing with a switchblade knife, springblade knife, [or] short-barrel firearm, or tire deflation device solely as an antique or curio; [or]

(2) was incidental to dealing with armor-piercing ammunition solely for the purpose of making the ammunition available to an organization, agency, or institution listed in Subsection (b); or

(3) was incidental to dealing with a tire deflation device solely for the purpose of making the device available to an organization, agency, or institution listed in Subsection (b).

(e) An offense under Subsection (a)(1), (2), (3), (4), (7), (8), or (9) [this section] is a felony of the third degree [unless it is committed under Subsection (a)(5) or (a)(6), in which event, it is a Class A misdemeanor]. An offense under Subsection (a)(10) is a state jail felony. An offense under Subsection (a)(5) or (6) is a Class A misdemeanor.

SECTION 3. Subsections (b) and (c), Section 38.04, Penal Code, are amended to read as follows:

(b) An offense under this section is a Class A misdemeanor,

5

except that the offense is:

(1)  a state jail felony if[:

[(A)] the actor has been previously convicted under this section; [or

[(B)  the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;]

(2)  a felony of the third degree if:

(A)  the actor uses a vehicle while the actor is in flight [and the actor has been previously convicted under this section]; [or]

(B)  another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(C)  the actor uses a tire deflation device against the officer while the actor is in flight; or

(3)  a felony of the second degree if:

(A)  another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(B)  another suffers serious bodily injury as a direct result of the actor's use of a tire deflation device while the actor is in flight.

(c)  In this section:

(1)  "Vehicle"[, "vehicle"] has the meaning assigned by Section 541.201, Transportation Code.

(2)  "Tire deflation device" has the meaning assigned by Section 46.01.

SECTION 4. Section 38.04, Penal Code, as amended by this Act, applies only to an offense committed on or after the effective date of this Act.  An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

SECTION 5.  This Act takes effect September 1, 2011.

June 2013).[2]

The title of the enrolled version of SB 1416 was broader than the title in the introduced version and specifically mentioned evading arrest with a vehicle: "AN ACT relating to the creation of the offense of possession, manufacture, transportation, repair, or sale of a tire deflation device **and** *to the offense of attempting to evade arrest through the use of a vehicle* **or** *a tire deflation device*; providing criminal penalties." *Id.* (emphasis added). In section 3 of the enrolled version, Penal Code section 38.04 was amended to include certain uses of a tire deflation device as third- and second-degree-felony forms of evading arrest. Additionally, section 3 amended the third-degree-felony form of evading arrest– use of vehicle by removing the requirement that the defendant must have been previously convicted under section 38.04.

We agree with appellant that the enrolled version SB 1416 did not pertain solely to criminalizing possession of tire deflation devices. Nevertheless, liberally construing the bill in favor of constitutionality, we conclude the overarching subject of the bill was *criminal offenses related to vehicles*. As the device name suggests, the Legislature decided to criminalize possession of tire deflation devices because individuals use the devices to stop vehicles. The Legislature also decided to address other vehicle-related offenses, namely evading arrest–use of vehicle and evading arrest–use of tire deflation device. The common theme of these topics is criminal behavior related to vehicles—behavior that has recently become more problematic in South Texas. *See* SB 1416 (bill analysis for enrolled version), http://www.capitol.state.tx.us/tlodocs/82R/analysis/html/SB01416F.htm (last visited June 2013) ("Recently, law enforcement officials in South Texas, when in

---

[2] Proposed text is underlined, and proposed deletions are struck through and surrounded by brackets.

pursuit of suspects, have had to deal with the suspects throwing 'tire deflation devices' at law enforcement officials' vehicles and then evading arrest as a result."). Thus, the topics "relate, directly or indirectly, to the same general subject, have a mutual connection, and are not foreign to the subject expressed in the title." *Robinson*, 507 S.W.2d at 525; *see also Dellinger v. State*, 28 S.W.2d 537, 539 (Tex. Crim. App. 1930) ("[W]here the provisions are germane in any degree, the law will be upheld."); *Tex. Alcoholic Beverage Comm'n v. Silver City Club*, 315 S.W.3d 643, 645–48 (Tex. App.—Dallas 2010, pet. denied) (holding bill's numerous provisions, ranging from regulation of alcoholic beverages and sexually-oriented businesses to unclaimed wages and agriculture, did not violate single-subject rule because common subject of bill, according to title, was government reform).[3]

In *State Board of Insurance v. National Employee Benefit Administrators, Inc.*, the court of appeals concluded a bill violated the single-subject rule, recognizing the bill's title referred to "third party administrators" and "nonprofit subscription programs" as distinct concepts by separating the phrases with the word "and." 786 S.W.2d 106, 109 (Tex. App.—Austin 1990, no writ). The court also noted sections 1 through 3 of the bill pertained solely to "third party administrators" whereas section 4 pertained solely to "nonprofit subscription programs." *Id.* We conclude SB 1416 is distinguishable. Although the title of SB 1416 also contains the conjunction "and," offenses based on possession of tire deflation devices, evading arrest using such devices, and evading arrest using

---

[3] Appellant argues the portions of SB 1416 pertaining to punishment changes for evading arrest were part of an earlier introduced bill that failed. He also notes that, when discussing SB 1416, legislators mentioned the importance of prohibiting tire deflation devices but did not express concerns about evading arrest by using a vehicle. However, even if correct, these facts are irrelevant in our single-subject rule analysis because the common subject of SB 1416's provisions was offenses related to vehicles.

vehicles all reasonably come within the subject of offenses related to vehicles.[4]

Finally, appellant relies on the Court of Criminal Appeals's decision in *White v. State*. 440 S.W.2d 660 (Tex. Crim. App. 1969). In *White*, the title of a bill stated the bill's purposes was to add certain drugs to the list of "dangerous drugs" but did not mention the bill was amending penalty provisions of the Dangerous Drug Act. *Id.* at 662–63. The court held the title did not afford readers of the bill fair notice that penalty provision were being amended and thus violated article III, section 35. *Id.* at 665–67. The holding in *White* is not instructive here because it was based on the title-sufficiency rule of article III, section 35, not on the single-subject rule. Furthermore, article III, section 35 was amended in 1986 and no longer authorizes courts to declare a bill is void based on the title-sufficiency rule. *See* Tex. Const. art. III, § 35(c); *Baggett v. State*, 722 S.W.2d 700, 701–02 (Tex. Crim. App. 1987).

Accordingly, we overrule appellant's sole issue and affirm the trial court's denial of appellant's pre-trial application for writ of habeas corpus.

/s/    John Donovan
        Justice

Panel consists of Justices Frost, Boyce, and Donovan.

Publish — Tex. R. App. P. 47.2(b).

---

[4] We also note that, in *State Board*, provisions pertaining to the two subjects became effective on different dates, whereas all provisions of SB 1416 became effective September 1, 2011. 786 S.W.2d at 108.