**Jay DUDLEY, Appellant,**

v.

**The STATE of Texas For the Best Interest and Protection of Jay DUDLEY, Appellee.**

**No. B14–86–746–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 2, 1987.

---

52

Jeff Malm, Houston, for appellant.

John B. Holmes, Jr., Mike Driscoll, Melinda Brents, Houston, for appellee.

Before ROBERTSON, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a commitment proceeding wherein appellant was ordered committed for alcoholism by the trial court. Appellant brings eleven points of error. We find no reversible error and affirm the judgment of the trial court.

An Application for Emergency Detention of appellant, Jay Dudley (Dudley), was made by J.L. Dudley (J.L. Dudley), the father. On September 12, 1986, upon court order, an Emergency Apprehension and Detention Warrant was issued and executed for the apprehension and transportation of Dudley to West Oaks Hospital. A probable cause hearing was set for September 17, 1986. At the hearing, the trial court found that probable cause existed for Dudley's detention and that Dudley should remain at West Oaks Hospital pending final hearing.

On September 15, 1986, an Application for Commitment for Alcoholism of Dudley was filed by J.L. Dudley. Filed concurrently with this Application were three sworn statements—one each by Dr. Rustin and Dr. Barrett opining that Dudley was an alcoholic, was likely to cause injury to himself or others, and required hospitalization, confinement, and treatment as the Texas Commission on Alcoholism directs; and a third sworn statement by J.L. Dudley detailing the alcohol-related behavior of Dudley. On the basis of this application and the sworn statements, a hearing date was set for the commitment proceeding and notice was issued to Dudley.

The hearing for the commitment proceeding was held on September 22, 1986. On September 25, 1986, an order was signed adjudging Dudley to be an alcoholic and committing him to St. Joseph Hospital for a period not to exceed ninety days. Although Dudley's attorney informed this court that Dudley had already been released by the date this cause was submitted, his appeal from his temporary involuntary commitment for alcoholism is not moot. *See State v. Lodge*, 608 S.W.2d 910 (Tex.1980).

In points of error one, two, nine, and ten, appellant challenges the constitutionality of Tex.Rev.Civ.Stat.Ann. art. 5561c–2 (Vernon Supp.1987), the Texas Alcohol and Drug Abuse Services Act (the Act), on the grounds that (1) the Act contains more than one subject in violation of Tex.Const. art. III, § 35, (2) the Act's title fails to give fair notice of its subject and contents, (3) the Act fails to require competent medical or psychiatric testimony prior to commitment, and (4) the Act is void for vagueness and thus violates appellant's right to due process as guaranteed by U.S. Const. amend. XIV and Tex.Const. art. I, § 19. We disagree.

■ The Act does not contain more than one subject in violation of Tex.Const. art. III, § 35. In determining whether a bill includes more than one subject, both the constitutional provision and the statute under consideration are to be liberally construed in favor of constitutionality. *Le-Croy v. Hanlon*, 713 S.W.2d 335, 337 (Tex. 1986). A statute satisfies the unity of subject requirement, even if it contains numerous provisions, however diverse, as long as these provisions relate, directly or indirectly, to the same general subject, and have a mutual connection. *Id.* at 337. Here, the same general subject of the act relates to alcohol and drug abuse services offered by the State, which includes creation of the Texas Commission on Alcohol and Drug Abuse and procedures for involuntary treatment of alcoholics. Further, appellant's argument concerning the Act's title does not have merit. As a result of the recent amendment of Tex.Const. art. III, § 35, the courts no longer have the power to declare an act of the legislature unconstitutional due to the insufficiency of its caption. *Baggett v. State*, 722 S.W.2d 700 (Tex.Crim.App.1987).

■ Moreover, we are unpersuaded by appellant's argument that the Act is unconstitutional because it fails to require competent medical or psychiatric testimony prior to commitment in violation of Tex. Const. art. I, § 15–a, which provides, in part: "No person shall be committed as a person of unsound mind except on compe-

tent medical or psychiatric testimony." We do not interpret the phrase "committed as a person of unsound mind" as including a person committed as an alcoholic. Rather, we view the constitutional provision as pertaining to a person suffering from mental illness as that phrase is defined by Tex.Rev.Civ.Stat.Ann. art. 5547–4, § 8 (Vernon Supp.1987). *See* Tex.Rev.Civ.Stat. Ann. art. 5547–4, § 9 (Vernon Supp.1987) (stating "[f]or purposes of this code the term 'mentally ill person' includes a person who is suffering from the mental conditions referred to in Article I, Section 15–a, of the Texas Constitution."); Tex.Rev.Civ. Stat.Ann. art. 5547–5 (Vernon Supp.1987) (stating " '[m]ental illness' as used in this code does not include ... alcoholism...."). Therefore, failure to require competent medical or psychiatric testimony prior to a commitment for alcoholism is not a violation of Tex. Const. art. I, § 15–a.

Finally, we do not find that the Act is void for vagueness. Although appellant argues to the contrary, we find that the statute sufficiently defines alcoholism and the conditions under which an alcoholic may be committed such that a person of common intelligence would agree as to the statute's meaning and application. Consequently, points of error one, two, nine, and ten are overruled.

In point of error eight, appellant complains that the trial court erred in failing to exclude the testimony of Dr. Rustin, which was introduced in violation of the physician/patient privilege. Dr. Rustin had treated appellant as a patient approximately four months prior to the proceeding. Appellant argues that Dr. Rustin should not have been allowed to testify as to any of his findings concerning appellant, including the findings Dr. Rustin made after appellant was detained on an emergency warrant. We disagree.

Rule 509(d)(7) of the Texas Rules of Evidence provides an exception to the general rule of doctor/patient privilege in an involuntary civil commitment proceeding. Further, Rule 510(d)(4) of the Texas Rules of Evidence provides an exception to the general rule of professional/patient privilege concerning health information:

> [w]hen the judge finds that the patient after having been previously informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's mental or emotional condition or disorder, providing that such communications shall not be privileged only with respect to issues involving the patient's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure;
>
> . . . .

■ Here, evidence was presented to show that Dr. Rustin treated appellant on a voluntary basis approximately four months prior to the commitment proceeding. The trial judge sustained appellant's objection to the confidentiality of any information obtained by Dr. Rustin prior to September 12, 1986, the date of appellant's involuntary detention. However, evidence was also presented to show that Dr. Rustin communicated with appellant after his court-ordered detention and examination, and further, that Dr. Rustin informed appellant that that particular communication was not confidential. The trial court properly limited Dr. Rustin's testimony to information discussed or disclosed after appellant received a warning of the nonconfidentiality of the information. Thus, no testimony was introduced in violation of the physician/patient privilege. Point of error eight is overruled.

Appellant's remaining points of error—points three, four, five, six, seven, and eleven—register complaints concerning his commitment proceeding that were not brought to the attention of the trial court. Thus, any error with respect to these complaints is waived. However, in the interest of justice, we will review these points.

In points of error three and four, appellant complains that he was denied due process guaranteed by U.S. Const. amend.

XIV and Tex. Const. art. I, § 19 because his commitment proceeding, and the notice he received for the proceeding, were based on a repealed statute. His points of error refer to the fact that the forms used in his commitment proceeding—the Application for Commitment, the Notice of Hearing, and the Order of Commitment—all cite "Article 5561c, Vernon's Revised Civil Statutes" as the statutory basis for his alcoholism commitment proceeding. Apparently, the probate court supplies forms to applicants who seek to have an individual committed for alcoholism.

As appellant notes, article 5561c was repealed by Act of June 14, 1985, ch. 632, § 28, 1985 Tex.Gen.Laws 4749, 4811 (effective September 1, 1985). In its place, the legislature enacted article 5561c–2 of the Texas Revised Civil Statutes. The probate court, however, neglected to update its forms and thus, the forms still refer to repealed article 5561c.

■ We do not find, however, that appellant was denied due process nor that his commitment is void because of the forms' reference to repealed article 5561c. In order to satisfy due process, appellant must have been made aware of the allegations made against him and have been afforded the opportunity to be heard. Clearly, appellant received notice of the allegations and of his right to be heard at the hearing. He was served with a copy of the Application for Commitment and a Notice of Hearing by the constable on September 15, 1986. The reference to the repealed statute in these papers is superfluous. Further, the essential elements of repealed article 5561c and article 5561c–2 are the same. Appellant's commitment proceeding, and the trial court's judgment therein, clearly meet the requirements of article 5561c–2. Points of error three and four are overruled.

In points of error five and seven, appellant maintains that the Application for Commitment and the Application for Emergency Detention are insufficient and thus, a commitment based upon these insufficient applications deprived him of due process. Specifically, appellant complains that the Application for Commitment does not comply with article 5561c–2, section 3.02(b) in that it fails to state that the proposed patient is not charged with a crime and fails to state the proposed patient's address. Further, appellant argues that the Application for Emergency Detention does not comply with article 5561c–2, section 2.01(a)(4) in that the basis for the applicant's belief—that the proposed patient suffers from alcoholism and evidences a substantial risk of harm to himself or others—is not described in specific detail. Moreover, he argues, a written opinion by the examining doctor, stating that the proposed patient meets the criteria of article 5561c–2, section 2.01(d), was not provided as required by article 5561c–2, section 2.01(f).

After examination of the record as a whole, we find sufficient compliance with article 5561c–2, sections 2.01 and 3.02. The record reflects that the papers filed in the cause—the Application for Emergency Detention and the Application for Commitment with the applicant's affidavit—were all filed with the court at the same time. Although the Application for Commitment itself does not contain the proposed patient's address nor the statement that the proposed patient is not charged with a crime, both of these items are found in the Application for Emergency Detention. Further, we find sufficient evidence of specific details contained within these papers to support the applicant's belief that the patient suffers from alcoholism and evidences a substantial risk of harm to himself or others. The applicant stated that the proposed patient has engaged in excessive drinking for years; that he is hypertensive; that he doesn't know what he is doing when he is drinking; that he refuses help; that he spends money wildly; that he takes valium with alcohol; that he misses work because of drinking; and that he is very depressed and belligerent.

■ Moreover, we find that written opinions were filed by two physicians after Dudley's emergency detention which detailed their findings concerning Dudley. The doctors stated that Dudley is an alco-

holic and that he is likely to cause injury to himself or others if not immediately restrained. *See* Tex.Rev.Civ.Stat.Ann. art. 5561c–2, § 2.01(d)(1)–(3) (Vernon Supp. 1987). Further, one physician stated that Dudley said: " 'I'm going to kill myself when I get out of here.' " This particular statement supports the criterion of article 2.01(d)(4)—that necessary restraint cannot be accomplished without emergency detention. Therefore, we find that the Application for Commitment and the Application for Emergency Detention are sufficient. Points of error five and seven are overruled.

■ In point of error six, appellant argues that the evidence is insufficient to sustain his commitment. However, we have reviewed the evidence and find that sufficient evidence was presented to prove the material allegations of the application by clear and convincing evidence, which is the evidentiary standard required by article 5561c–2. *See* Tex.Rev.Civ.Stat.Ann. art. 5561c–2, § 3.02(g) (Vernon Supp.1987). Two medical experts testified that appellant was an alcoholic and presented a danger to himself or others if he did not receive treatment. One of the doctors testified that appellant had been detoxified previously but that he did not maintain abstinence. The other doctor testified that he based his diagnosis on the personal history given to him by appellant. Further, appellant's parents both testified to his drinking habits and to his conduct in general when he was drinking. Appellant's father testified that appellant had previously and unsuccessfully sought voluntary treatment for his drinking problem. Further, he testified that appellant had had several car accidents. Point of error six is overruled.

■ In point of error eleven appellant maintains that he was denied due process of law when the trial court modified the judgment without a hearing. At the conclusion of the hearing on the application for commitment on September 22, 1986, the trial judge announced orally that appellant was to be treated on an outpatient basis. On September 25, 1986, the trial judge signed a judgment ordering appellant's commitment for treatment on an inpatient basis. Appellant argues that he was entitled to a hearing before his plan of treatment was modified. However, a judge can modify his oral judgment by signing a written judgment that differs from the oral judgment. *Bray v. Bray,* 618 S.W.2d 93, 96 (Tex.Civ.App.—Corpus Christi 1981, writ dism'd). We find no error. Point of error eleven is overruled.

The judgment of the court below is affirmed.