**Affirmed and Substitute Opinion on Rehearing filed July 18, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00877-CR

---

## EX PARTE RICHARD DEWAYNE JONES

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11-CR-3416**

---

## S U B S T I T U T E   O P I N I O N   O N   R E H E A R I N G

We issued our original opinion in this case on June 11, 2013. Thereafter, appellant filed a motion for rehearing. We deny appellant's motion for rehearing, withdraw our previous opinion, vacate our previous judgment, and issue this substitute opinion on rehearing and a new judgment.

Appellant is charged with evading arrest–use of vehicle, a third-degree felony. *See* Tex. Penal Code Ann. § 38.04 (West Supp. 2012). In a pre-trial application for writ of habeas corpus, appellant argued he is illegally restrained

because the legislative bill which amended punishment for his offense violated the "single-subject rule" of the Texas Constitution. *See* Tex. Const. art. III, § 35. Specifically, appellant contends that, because the subject of Senate Bill 1416 ("SB 1416") was tire deflation devices, the inclusion of an additional subject in the bill—amending punishment for evading arrest–use of vehicle—violated the single-subject rule. The trial court denied appellant's application, and appellant filed this accelerated appeal. *See* Tex. R. App. P. 31.2. We affirm.

## PRE-TRIAL APPLICATION FOR WRIT OF HABEAS CORPUS

### A. Standard of Review

We review for abuse of discretion a trial court's decision to grant or deny an application for writ of habeas corpus. *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The trial court has no discretion to analyze the law incorrectly; thus, when the trial court's ruling turns on the constitutionality of a statute, we review the ruling *de novo*. *See Rivera v. State*, 363 S.W.3d 660, 666 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (reviewing *de novo* trial court's ruling on pretrial application for writ of habeas corpus in which accused asserted ordinance was unconstitutional). When the constitutionality of a statute is challenged, we presume the statute is valid. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Id.*

### B. Single-Subject Rule

The Texas Constitution contains the following single-subject rule:

(a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

(b) The rules of procedure of each house shall require that the subject

2

of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. The legislature is solely responsible for determining compliance with the rule.

(c) A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.

Texas Const. art. III, § 35.

The purpose of the single-subject rule is to prevent log-rolling—the inclusion in a bill of several subjects having no connection with each other in order to create a combination of various interests in support of the whole bill. *LeCroy v. Hanlon*, 713 S.W.2d 335, 337 (Tex. 1986). A bill satisfies the rule, "even if it contains numerous provisions, however diverse, as long as these provisions relate directly or indirectly to the same general subject and have a mutual connection." *Id.*; *Dudley v. State for Dudley*, 730 S.W.2d 51, 53 (Tex. App.—Houston [14th Dist.] 1987, no writ).

## C.  Analysis

Appellant correctly notes that, as originally introduced in March 2011, SB 1416 did not contain any revisions to the evading arrest statute:

A BILL TO BE ENTITLED
AN ACT
relating to the creation of the offense of possession, manufacture, transportation, repair, or sale of a tire deflation device; providing criminal penalties.
BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
SECTION 1. Section 46.01, Penal Code, is amended by adding Subdivision (17) to read as follows:
(17) "Tire deflation device" means a device, including a caltrop or spike strip, that, when driven over, impedes or stops the movement of a wheeled vehicle by puncturing one or more of the vehicle's tires.

3

SECTION 2. Section 46.05, Penal Code, is amended by amending Subsection (a) and adding Subsection (b-1) to read as follows:

(a) A person commits an offense if the person [he] intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

(1) an explosive weapon;
(2) a machine gun;
(3) a short-barrel firearm;
(4) a firearm silencer;
(5) a switchblade knife;
(6) knuckles;
(7) armor-piercing ammunition;
(8) a chemical dispensing device; [or]
(9) a zip gun; or
(10) a tire deflation device.

(b-1) It is a defense to prosecution under this section that the actor's conduct was incidental to dealing with a tire deflation device solely for the purpose of making the device available to an organization, agency, or institution listed in Subsection (b).

SECTION 3. This Act takes effect September 1, 2011.

SB 1416 (introduced version), http://www.capitol.state.tx.us/tlodocs/82R/billtext/html/SB01416I.htm (last visited July 2013).[1] Nothing in the introduced version of SB 1416 refers to evading arrest, use of a vehicle, or Penal Code section 38.04.

However, SB 1416 was amended in May 2011 and ultimately approved and signed into law to include the following modifications to section 38.04:

[SECTION 3. Subsections (b) and (c), Section 38.04, Penal Code, are amended to read as follows:]

(b) An offense under this section is a Class A misdemeanor, except that the offense is:

(1) a state jail felony if[:

---

[1] Proposed text is underlined, and proposed deletions are struck through and surrounded by brackets.

4

[(A)] the actor has been previously convicted under this section; [or

[(B) the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;]

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight [and the actor has been previously convicted under this section]; [or]

(B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(C) the actor uses a tire deflation device against the officer while the actor is in flight; or

(3) a felony of the second degree if:

(A) another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(B) another suffers serious bodily injury as a direct result of the actor's use of a tire deflation device while the actor is in flight.

(c) In this section:

(1) "Vehicle"[, "vehicle"] has the meaning assigned by Section 541.201, Transportation Code.

(2) "Tire deflation device" has the meaning assigned by Section 46.01.

[SECTION 4.] Section 38.04, Penal Code, as amended by this Act, applies only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

5

SB 1416 (amendment), http://www.capitol.state.tx.us/tlodocs/82R/amendments/html/SB01416H21.htm (last visited July 2013).[2]

Therefore, in the enacted version of SB 1416, section 38.04 was amended to include certain uses of a tire deflation device as third- and second-degree-felony forms of evading arrest. Additionally, section 3 amended the third-degree-felony form of evading arrest–use of vehicle by removing the requirement that the defendant must have been previously convicted under section 38.04.

We agree with appellant that the enacted version of SB 1416 did not pertain solely to criminalizing possession of tire deflation devices. Nevertheless, liberally construing the bill in favor of constitutionality, we conclude the overarching subject of the bill was *criminal offenses related to vehicles*. As the device name suggests, the Legislature decided to criminalize possession of tire deflation devices because individuals use the devices to stop vehicles. The Legislature also decided to address other vehicle-related offenses, namely evading arrest–use of vehicle and evading arrest–use of tire deflation device. The common theme of these topics is criminal behavior related to vehicles—behavior that has recently become more problematic in South Texas. *See* SB 1416 (bill analysis for introduced version), http://www.capitol.state.tx.us/tlodocs/82R/analysis/html/SB01416I.htm (last visited July 2013) ("Recently, law enforcement officials in South Texas, when in pursuit of suspects, have had to deal with the suspects throwing 'tire deflation devices' at law enforcement officials' vehicles and then evading arrest as a result."). We hold that the provisions of SB 1416 "relate directly or indirectly to the same general subject and have a mutual connection." *LeCroy*, 713 S.W.2d at

---

[2] Proposed text is underlined, and proposed deletions are struck through and surrounded by brackets.

337; *see also Dellinger v. State*, 28 S.W.2d 537, 539 (Tex. Crim. App. 1930) ("[W]here the provisions are germane in any degree, the law will be upheld.").[3]

Appellant relies on the Court of Criminal Appeals's decision in *White v. State*. 440 S.W.2d 660 (Tex. Crim. App. 1969). In *White*, the title of a bill stated the bill's purpose was to add certain drugs to the list of "dangerous drugs" but did not mention the bill was amending penalty provisions of the Dangerous Drug Act. *Id.* at 662–63. The *White* court held the title did not afford readers of the bill fair notice that penalty provisions were being amended and thus violated article III, section 35. *Id.* at 665–67. The holding in *White* is not instructive here because it was based on the title-sufficiency rule of article III, section 35, not on the single-subject rule. Article III, section 35 was amended in 1986 and no longer authorizes courts to declare a bill is void based on the title-sufficiency rule. *See* Tex. Const. art. III, § 35(c); *Baggett v. State*, 722 S.W.2d 700, 701–02 (Tex. Crim. App. 1987) ("[A]s a result of the recent amendment this Court no longer has the power to declare an act of the legislature unconstitutional due to the insufficiency of its caption."); *Dudley*, 730 S.W.2d at 53 (same).

Appellant also cites *State Board of Insurance v. National Employee Benefit Administrators, Inc.*, in which the Third Court of Appeals concluded a bill violated the single-subject rule, recognizing the bill's title referred to "third party administrators" and "nonprofit subscription programs" as distinct concepts by separating the phrases with the conjunction "and." 786 S.W.2d 106, 109 (Tex. App.—Austin 1990, no writ). The court also noted sections 1 through 3 of the bill

---

[3] Appellant argues the portions of SB 1416 pertaining to punishment changes for evading arrest were part of a separately introduced bill that failed. He also notes that, when discussing SB 1416, legislators mentioned the importance of prohibiting tire deflation devices but did not express concerns about evading arrest by using a vehicle. However, even if correct, these facts are irrelevant in our single-subject rule analysis because the common subject of SB 1416's provisions is offenses related to vehicles.

pertained solely to "third party administrators" whereas section 4 pertained solely to "nonprofit subscription programs." *Id.* We decline to follow *State Board of Insurance*. As explained in the previous paragraph, we may not void an act for title deficiencies. Additionally, the *State Board of Insurance* court determined the bill's sections contained separate subjects because administrative rules were promulgated under the three related sections but not the unrelated section, and the unrelated section became effective on a different date. *Id.* at 109–10. Neither of these factors is present in our case.

Accordingly, we overrule appellant's sole issue and affirm the trial court's denial of appellant's pre-trial application for writ of habeas corpus.


/s/     John Donovan
Justice


Panel consists of Justices Frost, Boyce, and Donovan.

Publish — Tex. R. App. P. 47.2(b).