

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00432-CR

_____

ANDREW PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19114-1203, Honorable Edward Lee Self, Presiding

December 18, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Andrew Perez, appeals his conviction, based upon his open plea of guilty, of the offense of evading arrest or detention,[1] and jury-assessed sentence of five years' incarceration in the Texas Department of Criminal Justice, Institutional Division. Appellant contends that he was denied the effective assistance of counsel during his trial. Disagreeing with appellant, we will affirm.

---

[1] _See_ TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2013).

Background

Appellant was indicted for the offense of evading arrest or detention by use of a vehicle while in flight from a peace officer. Under the Penal Code provision that was effective at the time of appellant's trial, this offense was tried as a third-degree felony. *See id.* This provision had been recently amended to make evading arrest or detention by use of a vehicle while in flight a third-degree felony. *See* Act 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321 (West) (amending TEX. PENAL CODE ANN. § 38.04, effective September 1, 2011). Appellant's trial counsel did not object to the offense being tried as a third-degree felony.

After a jury was selected, appellant pled guilty to the offense. As part of proper plea admonishments, appellant was advised of the applicable range of punishment for the offense. After hearing punishment evidence, the jury assessed appellant's punishment at five years' incarceration. Appellant did not file a motion for new trial. However, appellant did timely file notice of appeal.

Appellant's sole issue on appeal is whether trial counsel rendered ineffective assistance when he failed to object to the constitutionality of the 2011 amendment of section 38.04 of the Texas Penal Code.

Ineffective Assistance of Counsel

Appellant contends that trial counsel rendered ineffective assistance of counsel when he failed to object to the constitutionality of the statute that made the offense for which appellant was charged a third-degree felony. The State responds contending that

it is not ineffective assistance of counsel when counsel properly advises a defendant of the existing law.

Both the federal and state constitutions guarantee an accused the right to have the assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005). This right to counsel includes the right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both state and federal claims of ineffective assistance of counsel are evaluated under the two prong analysis articulated in *Strickland*. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

First, the appellant must show that counsel's representation was deficient by showing that trial counsel's representation fell below an objective standard of reasonableness. *See id.* To satisfy this prong, the appellant must (1) rebut the presumption that counsel is competent by identifying the acts and/or omissions of counsel that are alleged as ineffective assistance, and (2) affirmatively prove that such acts and/or omissions fell below the professional norm of reasonableness. *Stults v. State,* 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (substitute op.) *(*citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The reviewing court may not isolate any portion of trial counsel's representation, but must judge the claim based on the totality of the representation. *See Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Thompson*, 9 S.W.3d at 813.

The appellant must then show prejudice resulting from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, the appellant must prove there is a reasonable probability that

3

but for counsel's deficient performance, the result of the proceeding would have been different. *See Jackson v. State,* 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). A reasonable probability is "a probability sufficient to undermine confidence in the outcome of the proceedings." *Id.* Appellant's burden of proof is by a preponderance of the evidence. *See id.*

In any case analyzing claims of ineffective assistance of counsel, we begin with the strong presumption that counsel was competent. *See Thompson*, 9 S.W.3d at 813; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). We must presume counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *See Jackson*, 877 S.W.2d at 771. The appellant must rebut this presumption by presenting evidence illustrating why trial counsel did what he did. *See id.* The appellant cannot meet this burden if the record does not reflect the *reasons* for the conduct of trial counsel. *See Osorio v. State*, 994 S.W.2d 249, 253 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). This kind of record is best developed in a hearing on an application for a writ of habeas corpus or a motion for new trial. *See Kemp*, 892 S.W.2d at 115; *see also Jackson*, 973 S.W.2d at 957 (stating that, when counsel is allegedly ineffective because of errors of omission, collateral attack is the better vehicle for developing an ineffectiveness claim).

When the record is silent as to counsel's reasons for his conduct, finding counsel ineffective calls for speculation by the appellate court. *See Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (citing *Jackson*, 877 S.W.2d at 771). An appellate court should not speculate about the reasons underlying

4

defense counsel's decisions. *Stults*, 23 S.W.3d at 208. It is critical for an accused relying on an ineffective assistance of counsel claim to make the necessary record in the trial court. *Id.* Even though the appellant may file a motion for new trial, failing to request a hearing on the motion may leave the record bare of trial counsel's explanation of his conduct. *See Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Without a hearing, or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective assistance claim. *Stults*, 23 S.W.3d at 208-09; *see Howard v. State*, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, pet. ref'd).

In the present case, appellant did not move for a new trial or file a habeas corpus petition. Further, appellant did not offer an affidavit from trial counsel. We can find no evidence in the record regarding trial counsel's potential strategy for not objecting to appellant being charged with a third-degree felony. "When the record is silent as to defense counsel's strategy, we will not guess at counsel's trial tactics or speculate about his reasons for taking certain actions and not taking others." *Stults*, 23 S.W.3d at 209 n.6. We are counseled that,

> An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions – whether those actions were of strategic design or the result of negligent conduct.

*Thompson*, 9 S.W.3d at 814. We are especially reluctant to find ineffective assistance of counsel where trial counsel has not been given an opportunity to rebut the allegations against him. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Whatever trial counsel's reasons may have been for not objecting to the offense as charged, in the absence of a record identifying these reasons, we must presume they were made deliberately as part of sound trial strategy. Because we are unable to conclude that defense counsel's performance fell below an objective standard without evidence in the record, we find that the appellant has failed to meet his burden on the first prong of *Strickland*.

Appellant argues that there is no possible sound trial strategy for trial counsel's failure to object to appellant being charged with a third-degree felony in this case. In fact, appellant contends that the failure of trial counsel to object constitutes a constructive deprivation of counsel at a critical stage of the proceedings. Appellant's contention that he was deprived of counsel is wholly premised on trial counsel's failure to object to the constitutionality of the 2011 amendment of section 38.04 of the Texas Penal Code.

When reviewing the constitutionality of a statute, a reviewing court must presume that the act is constitutional. *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003). Courts must give a liberal interpretation in favor of constitutionality when legislation is challenged. *Jessen Assocs., Inc. v. Bullock*, 531 S.W.2d 593, 600 (Tex. 1975).

Appellant's arguments relating to the constitutionality of the 2011 amendment to section 38.04 of the Texas Penal Code essentially presumes that the amendment is unconstitutional. However, as for specific argument regarding how the amendment is unconstitutional, appellant relies on argument presented by an appellant in an appeal filed in the 14th District Court of Appeals. In a related appeal of a pre-trial application for writ of habeas corpus, the 14th District Court held that, "the provisions of SB 1416 [the

6

2011 amendment] 'relate directly or indirectly to the same general subject and have a mutual connection'" and, therefore, do not violate the Single Subject Rule of the Texas Constitution. *Ex parte Jones*, 410 S.W.3d 349, 353 (Tex. App.—Houston [14th Dist.] 2013, pet. granted) (substitute op.) (citing *LeCroy v. Hanlon*, 713 S.W.2d 335, 337 (Tex. 1986)). While we express no direct opinion on the constitutionality of the challenged 2011 amendment, the 14th District's resolution of the issue, at a minimum, makes the law regarding the constitutionality of the amendment unsettled. When the law is unsettled, it is not ineffective assistance of counsel to fail to take a specific action on the unsettled issue. *See State v. Bennett*, No. PD-0354-12, 2013 Tex. Crim. App. LEXIS 1735, at *5 (Tex. Crim. App. Nov. 27, 2013). As such, we conclude that trial counsel's failure to object to the constitutionality of the statute under which appellant was charged with a third-degree felony was not a deprivation of counsel at a critical stage in the proceedings and, further, was not ineffective assistance of counsel. We overrule appellant's sole appellate issue.

## Conclusion

Having overruled appellant's sole appellate issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Pirtle, J., concurring in result.

Do not publish.

7