

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00155-CR

RONALD DEAN PETERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1259837D, Honorable Ruben Gonzalez, Presiding

February 10, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ronald Dean Peterson was convicted after a guilty plea of evading arrest or detention with a vehicle and sentenced by a jury to ten years confinement. He contends he was indicted under a statute describing the offense as a state jail felony but sentenced as if the offense was a third degree felony. We affirm the judgment.

The statute in question is § 38.04 of the Penal Code which contains two different provisions with respect to whether the offense is a state jail felony or a third degree felony. The amendments were signed into law on June 17, 2011, and became effective

on September 1, 2011.[1] The first states that the offense is a state jail felony if the actor has been previously convicted under the statute <u>or</u> uses a vehicle or watercraft while  in flight, and the offense is a third degree felony if the actor uses a vehicle or a watercraft while in flight <u>and</u> the actor has been previously convicted under the statute.  TEX. PENAL CODE ANN. § 38.04(b)(1) (A) &(B) &(2)(A)&(B) (West Supp. 2013) (amendments made by Senate Bill 496 and House Bill 3423).   The second amendment of the statute states that the offense is a state jail felony if the actor has been previously convicted under the statute, and a felony of the third degree if the actor uses a vehicle while the actor is in flight.  *Id.* § 38.04(b)(1) & (2)(A) (amendments made by House Bill 3423 and Senate Bill 1416).  Appellant had no prior offense for evading arrest or detention but did use a motor vehicle during this offense.  Appellant argues that under the first version of the statute, the offense was a state jail felony.  We overrule the issue.

Assuming that error was preserved,[2] we generally strive to give effect to the legislature's intent as expressed in the plain words of the statute.  *Hirsch v. State*, 282 S.W.3d 196, 201 (Tex. App.—Fort Worth 2009, no pet.).  The Code Construction Act gives guidance as to the construction of legislative amendments enacted in the same session of the legislature by stating that if the amendments are made without reference to each other and are irreconcilable, the latest in date of enactment prevails.  TEX. GOV'T CODE ANN. § 311.025(b) (West 2013).   The date of enactment is the date on which the last legislative vote is taken on the bill.  *Id.* § 311.025(d).

---

[1] This offense occurred on November 5, 2011.

[2] Appellant did not raise this complaint to the trial court and made no objection to the jury charge which allowed the jury to sentence appellant as a third degree felon.  *See Rhoades v. State*, 934 S.W.2d 113, 121 (Tex. Crim. App. 1996) (holding that an untimely objection to an irreconcilable conflict in the Code of Criminal Procedure was not an "absolute right" or a "waivable-only right" but addressing error in the jury charge).  In this instance, appellant does not specifically complain on appeal of the jury charge but of the lack of notice as to the particular statute with which he was being charged.

We begin by noting that, prior to the 2011 amendments, the provisions for state jail felonies and third degree felonies under § 38.04 were the same as in the first described version; that is, to be a third degree felony, the actor had to have both used a vehicle and been previously convicted of the offense. The amendment under Senate Bill 496 added "watercraft" to the use of a vehicle but kept the definitions of the degree of offense the same. Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, sec. 38.04, 2011 Tex. Sess. Law Serv. 1046 (West). House Bill 3423 added "federal special investigator" to the persons from whom the actor must flee to be convicted, but it also kept the definitions of the grades of felony the same. Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, sec. 38.04, 2011 Tex. Sess. Law Serv. 2111 (West). The actual change to the definition making the offense a third degree felony occurred in Senate Bill 1416.[3] Act of May 27, 2011, 82nd Leg., R.S. ch. 920, § 3, sec. 38.04, 2011 Tex. Sess. Law Serv. 2321 (West).

We presume the legislature intends a change in the law to take effect. *In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012) (stating that a court presumes the legislature enacted a statute with complete knowledge of existing law); *Herrera v. Seton Northwest Hosp.*, 212 S.W.3d 452, 459 (Tex. App.—Austin 2006, no pet.) (stating that a court presumes a change was enacted with knowledge of existing law). Moreover, the last vote on Senate Bill 1416 occurred when the Senate concurred in a House amendment on May 27, 2011, which was later than the last vote on either House Bill 3423 (May 24, 2011) or Senate Bill 496 (May 23, 2011). Therefore, we find that the later version prevails, and the actor need only use a motor vehicle to make the offense of evading

---

[3] This version does not refer to "watercraft." It also added a provision making it a third degree felony to use a tire deflation device against the officer while the actor is in flight.

arrest a third degree felony. *See Ex parte Jones*, 410 S.W.3d 349, 353 (Tex. App.—

Houston [14th Dist.] 2013, pet. granted) (holding amendments made by House Bill 1416

constitutional).[4]  Appellant was properly indicted and sentenced here.

Accordingly, the judgment is affirmed.


Per Curiam


Do not publish.

---

[4] Even if the offense was a state jail felony, appellant pled true to use of a deadly weapon which raises the range of punishment to that of a third degree felony.  TEX. PENAL CODE ANN. § 12.35(c)(1) (West Supp. 2013).  The State asserts that it sought a deadly weapon finding for the purpose of limiting the trial court's ability to grant appellant community supervision.  TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (West Supp. 2013).