

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00272-CR

Raymond Paul **SCHMIDT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR6225
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  March 4, 2015

AFFIRMED

### BACKGROUND

Raymond Paul Schmidt pled no contest and was found guilty of one count of evading arrest or detention with a vehicle, in violation of TEX. PENAL CODE ANN. § 38.04(b)(2)(A). After denial of his motion to set aside the indictment, which challenged the constitutionality of the controlling penal statute, Schmidt preserved the right to appeal the issue. The trial court sentenced Schmidt to twenty-five years' imprisonment. This court abated Schmidt's appeal pending a ruling by the Texas Court of Criminal Appeals in *Ex Parte Jones*, in which the applicant raised the same

constitutional challenge to the subject penal statute, specifically, the statute was void from inception because it violated the "single-subject rule." *See Ex Parte Jones*, 410 S.W.3d 349, 353 (Tex. App.—Houston [14th Dist.] 2013, pet. granted) (op. on reh'g). Subsequently, the Texas Court of Criminal Appeals in *Ex Parte Jones* held the subject statute did not violate the single-subject rule, and thus, was constitutional on that ground. *See Ex Parte Jones*, 440 S.W.3d 628, 633-34 (Tex. Crim. App. 2014).

## ANALYSIS

Schmidt's attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). In this brief, counsel concludes the appeal has no merit. Counsel certifies he provided Schmidt with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Schmidt did not file a brief.

After reviewing the record, counsel's brief and the Texas Court of Criminal Appeals opinion in *Ex Parte Jones*, we agree the appeal is frivolous and without merit.

## ASSESSMENT OF ATTORNEY FEES

"[A] 'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013); *see Wiley v. State*, 410 S.W.3d 313, 315 (Tex. Crim. App. 2013) (a defendant previously found indigent is presumed to remain indigent); *see also Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013).

The record shows Schmidt retained counsel in the trial court. The judgment of conviction assesses "Court Cost" of "$259.00 PLUS ATTY FEES." The bill of costs assesses attorney fees:

"TBD". Schmidt's trial counsel filed the notice of appeal and the motion to withdraw as counsel on April 17, 2014. In the motion to withdraw, counsel states Schmidt "is now indigent" and "is without funds to pay for the record on appeal." The trial court then appointed counsel to represent Schmidt on appeal.

Because the record before this court does not contain an affidavit of indigency for appointment of counsel before the trial, and Schmidt did retain trial counsel, we conclude Schmidt was not found to be indigent at the trial level, and therefore, the record supports the assessment of attorney fees. *See* TEX. CODE CRIM. PROC. ANN. 26.05(g) (West Supp. 2013); *Wiley*, 410 S.W.3d at 315.

### CONCLUSION

We AFFIRM the judgment of the trial court and GRANT appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Schmidt wish to seek further review of this case by the Texas Court of Criminal Appeals, Schmidt must either retain an attorney to file a petition for discretionary review or Schmidt must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Jason Pulliam, Justice

DO NOT PUBLISH